AUSTIN W. TIDD v. STATE.

1. INCONSISTENCY AS TO TIME LAID FOR EMBEZZLEMENT HELD NOT MATERIAL.
   The time laid in an indictment for embezzlement of the funds of a certain corporation by its treasurer and manager, in that no such corporation existed, is not material, it appearing that at the time the money was delivered to accused the formation of the corporation was proposed and soon afterwards duly incorporated.

Hamilton County.

**2. Agent Receiving Money cannot Deny Agency after His Embezzlement.**
One receiving money under a claim of agency cannot, after having embezzled it, claim he was the agent in taking it.

Error to Hamilton common pleas court.

**T. L. Michie,** for plaintiff in error.
**Froome Morris,** for defendant in error.

## SMITH, J.

The plaintiff in error was convicted of embezzlement in the common pleas court of this county and sentenced to the penitentiary, to reverse which judgment this suit in error is brought.

The only ground of error complained of is, that while the indictment charges Tidd with embezzling money, the property of the Smith Envelope Company, a corporation, on March 14, 1907, which money came into his possession and care as treasurer and manager of such corporation at the time of the embezzlement, yet he cannot be held under the indictment, for the reason that at the time the embezzlement is alleged to have occurred no such corporation existed, and therefore he should be discharged.

We do not think the time laid in the indictment as to the embezzling of the money is material.

The record shows that at the time of the delivery of the money from Ellerhorst to Tidd, there was talked over the formation of the corporation to be known as the Smith Envelope Company; that soon afterward such a company was duly incorporated; that certificates of stock were issued by the company, signed by Ellerhorst, as president, and Tidd, as treasurer; that Tidd expended a part of the money entrusted to him in fitting up the office of the company, and for sundry necessary expenses, and when the jury found him guilty of embezzlement, it was for the embezzlement of money after the incorporation of the company, and necessarily found that this money belonged to the Smith Envelope Company.

The record further discloses that the defense made to the jury at the trial of the case was that the money alleged to have been embezzled was not the money of the Smith Envelope Company, but belonged to the Standard Pay Envelope Company. The jury were called to pass upon this question of fact, and found in their verdict that the money entrusted to him, for which he was convicted, was the money of the Smith Envelope Company. As has been said in cases cited by counsel for state, if a man has received a thing of another under a claim of

Tidd v. State.

agency, he should not be allowed to turn around, after having embezzled it or any part of it, and claim that he was not the agent in taking it.

From all the evidence in the case we are of the opinion that the verdict of the jury is sustained, and believe that the plaintiff in error had a fair trial.

We find no errors in the record, and the judgment will be affirmed.

**Swing** and **Giffen, JJ.,** concur.